# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **ED ANNETT** <br> 6385 Nortonsburg Road <br> Mount Vernon, Ohio 45869 <br><br> Plaintiff, <br><br> vs. <br><br> **AUTOVIN, INC.** <br> c/o Corporation Service Company <br> 50 West Broad Street, Suite 1330 <br> Columbus, Ohio 43215 <br><br> Defendant. | CASE NO. <br><br> JUDGE <br><br> **COMPLAINT** <br><br> **JURY DEMAND ENDORSED HEREON** |

Plaintiff Ed Annett ("Plaintiff"), for his Complaint against Defendant Autovin, Inc. ("Defendant") alleges as follows:

## **PARTIES**

1. Plaintiff is a citizen of Ohio and a resident of Knox County, Ohio.

2. Defendant is an Indiana corporation registered to do business in Ohio as a foreign corporation. Defendant can be served through its statutory agent Corporation Service Company, 50 West Broad Street, Suite 1330, Columbus, Ohio 43215.

3. At all times material to this Complaint, Defendant was an employer within the meaning of R.C. 4112.01.

4. At all times material to this Complaint, Plaintiff was an employee of Defendant within the meaning of R.C. 4112.01.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this case under 28 U.S.C. § 1332, as it involves citizens of different States and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over Defendant because Defendant transacts business in this state, caused tortious injury to Plaintiff by an act or omission in this state, and/or caused tortious injury to Plaintiff in this state by an act outside this state committed with the purpose of injuring Plaintiff.

7. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district and division.

## STATEMENT OF FACTS

8. Plaintiff was hired by Defendant in September 2015 as a field inspector/auditor. Approximately a year later, Plaintiff was promoted to the position of Regional Manager.

9. Plaintiff was consistently a top performer as Regional Manager. In fact, Plaintiff's team was typically the highest performing team in the company.

10. During his employment with Defendant, Plaintiff never received any corrective action, and consistently received positive performance reviews.

11. In or around October 2020, Plaintiff was informed that Defendant's corporate parent was reorganizing the company, and that managers who worked in field operations (including Plaintiff) would have to re-interview for their positions and any other positions in which they were interested.

12. In December 2020, Plaintiff applied for a position as a Regional Manager, which in the new company structure would have been a promotion for Plaintiff. Plaintiff's interviews went very well, and he was commended by his interviewers, which included Defendant's Vice President, Nick Pawlak.

13. Plaintiff did not get the Regional Manager position. Rather, Defendant selected a lesser-qualified person who lived outside the region, and who is substantially younger than Plaintiff. Plaintiff was 70 years of age at the time, and, upon information and belief, the person who was selected for the position was in his early 30s.

14. After Plaintiff was informed that he would not be selected for the Regional Manager position, Pawlak told Plaintiff that he would be considered for a Field Inspection Manager position, which was the exact same job Plaintiff was performing.

15. Pawlak told Plaintiff "not to worry" and that he would only have to go through two interviews for the Field Inspection Manager position, rather than three interviews.

16. Plaintiff interviewed for the Field Inspection Manager position and, like his interview for the Regional Manager position, the interview went very well and Plaintiff received compliments from his interviewers.

17. On February 12, 2021, Pawlak invited Plaintiff to a meeting with Defendant's HR manager. During that meeting, Pawlak informed Plaintiff that he would not be selected for the Field Inspection Manager position, and that his employment with the company was terminated effective immediately.

18. Plaintiff asked Pawlak why he was not selected for the position, especially considering Pawlak told Plaintiff on several occasions not to worry and that he really appreciated

Plaintiff's hard work and dedication to the company. Pawlak refused to tell Plaintiff why he was not selected for the position.

19. The person selected for the Field Inspection Manager was lesser-qualified than Plaintiff, and is substantially younger than Plaintiff. Upon information and belief, the person who was selected for the Field Inspection Manager is in his 30s.

20. Plaintiff was not selected for the Regional Manager or Field Inspection Manager positions and his employment was terminated because of his age.

21. Plaintiff has suffered substantial economic harm as a result of Defendant's actions and inaction, and continues to suffer such harm.

## COUNT I
### Age Discrimination in violation of R.C. 4112.02 and R.C. 4112.99

22. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

23. At the time of his termination, Plaintiff was 70 years of age.

24. Plaintiff was, and continues to be, qualified for the positions of Regional Manager and Field Inspection Manager.

25. Despite his qualifications, Plaintiff was not selected for the Regional Manager or Field Inspection Manager positions. Instead, his employment was terminated.

26. Plaintiff was replaced by someone who was substantially younger than him. Defendant also selected less-qualified substantially younger people for the positions for which Plaintiff was considered.

27. Defendant's actions and inaction, as described herein, were taken because of Plaintiff's age and constitute age discrimination in violation of R.C. 4112.02.

28. By virtue of Defendant's violation(s) of R.C. 4112.02, Defendant is subject to a civil action for damages, injunctive relief, and any other appropriate relief pursuant to R.C. 4112.99.

29. As a direct and proximate result of Defendants' violation of R.C. 4112.02, Plaintiff has suffered and will continue to suffer damages.

30. Defendant's discriminatory actions against Plaintiff were intentional, willful, reckless, and/or malicious, and renders Defendant liable for past and future economic and non-economic compensatory and punitive damages, as well as reasonable attorneys' fees, costs, expenses, and any equitable relief that this Court deems appropriate pursuant to R.C. 4112.99.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

A. Enters judgment in favor of Plaintiff against Defendant;

B. Awards Plaintiff economic and non-economic compensatory damages and punitive damages;

C. Awards Plaintiff his reasonable costs and attorneys' fees necessarily incurred herein; and

D. Awards Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle (0084854)
Christopher J. Lalak (0090079)
1360 E. 9th Street, Suite 808
Cleveland, OH 44114
Telephone: (216) 230-2955
Facsimile: (330) 754-1430
jmoyle@ohlaborlaw.com
clalak@ohlaborlaw.com

*Counsel for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all claims so triable.

*/s/ Jeffrey J. Moyle*
Jeffrey J. Moyle

*Counsel for Plaintiff*